Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| MUNICIPIO AUTÓNOMO DE MANATÍ, representado por su alcalde, el Hon. José A. Sánchez González<br><br>Recurrido<br><br>V.<br><br>F.D.R. 1500 CORP.<br><br>Recurrente | KLCE202301417 | *Certiorari* procedente del Tribunal de Primera Instancia Sala Superior de Arecibo<br><br>Caso Núm.: SJ2022CV04304<br><br>Sobre: Expropiación Forzosa |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Adames Soto, la Jueza Mateu Meléndez y el Juez Marrero Guerrero

Marrero Guerrero, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 15 de diciembre de 2023.

-I-

El 13 de diciembre de 2023, F.D.R. 1500, Corp. (la recurrente), presentó una Petición de Certiorari en la que solicita la revocación de una Resolución dictada y notificada el 13 de noviembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI). Mediante la referida determinación, el TPI declaró no ha lugar una solicitud de paralización de los procedimientos de expropiación sobre cierto predio de terreno ubicado en la Reserva Natural Mar Chiquita en el Municipio de

---

[1] Creado conforme a la Orden Administrativa OAJP-2021-086 de 4 de noviembre de 2021, la cual dispone la asignación a un mismo Panel, cuando un caso genera múltiples recursos ante el Tribunal de Apelaciones, los cuales no están pendientes a la misma vez. Conforme a dicha Orden Administrativa, en la medida en que sea viable, un mismo panel del Tribunal de Apelaciones atenderá los diversos recursos que durante el curso ordinario genere un caso. Ello, a fin de brindar certidumbre, uniformidad, eficiencia y rapidez al manejo de los asuntos, pues los recursos apelativos ulteriores que genere el caso serán atendidos por un panel que ya conoce los hechos base y está en mejor posición de comprender oportunamente el tracto procesal y las controversias prevalecientes. Los integrantes del presente Panel consideraron un recurso anterior, KLCE202201160, presentado por la recurrente durante el mismo litigio de expropiación forzosa.

Manatí.  Como base para la referida solicitud de paralización, la recurrente argumentó que previo a que se iniciara el procedimiento de expropiación del predio, el Departamento de Recursos Naturales y Ambientales (DRNA) efectuó el deslinde de la Zona Marítimo Terrestre sin que dicho trámite le fuera notificado, lo que significó que fuera privado de su derecho de intervenir en el trámite administrativo ante dicha Agencia.  En su negativa a conceder la paralización solicitada el TPI consignó lo siguiente:

> Independientemente de los derechos que le pueda asistir a la demandada en el proceso administrativo de la delimitación de la zona marítimo-terrestre en la finca en controversia, el procedimiento de expropiación está limitado únicamente "por la exigencia de que el bien sea para un fin público y el Estado pague justa compensación".  *Culebra Enterprises Corp. V. E.L.A., 127 DPR 943, 952 (1991).*[2]

Inconforme con la determinación del Foro Primario, los recurrentes formularon el siguiente señalamiento de error:

> Erró el TPI al dictar la Resolución de 13 de noviembre de 2023, y no autorizar la paralización de la expropiación mientras se adjudica la impugnación del deslinde de la ZMT ante el DRNA, toda vez que constituiría un fracaso de la justicia, ya que la nulidad del Deslinde de la ZMT realizado por el DRNA, y promovido por Manatí, haría inoficiosa la expropiación aquí planteada.  Es decir, la nulidad del trámite administrativo de deslinde por violación al debido proceso de ley, ante la falta de notificación a FDR1500, vicia en todos sus aspectos la expropiación de epígrafe.  Mínimo, no puede haber una demanda de expropiación adecuadamente formulada en cuanto al Exhibit A, ya que irremediablemente la cabida de la propiedad objeto de expropiación no esta debidamente identificada, por lo que procesalmente al no haber enmienda a las alegaciones, y en consecuencia el Exhibit A, el resultado inescapable es la desestimación de este pleito o el desistimiento voluntario del Municipio de conformidad con la Regla 58.3 de Procedimiento Civil.

Ese mismo día, la recurrente radicó una *Urgente Moción en Auxilio de Jurisdicción* en la que nos solicitó que paralizáramos el procedimiento de expropiación llevándose a cabo ante el TPI hasta que se adjudicase la Querella de Impugnación de Deslinde pendiente ante el DRNA.

---

[2] Véase página 221 del apéndice del recurso.

La Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5), le confiere a este foro la facultad para prescindir de escritos, en cualquier caso, ante su consideración, con el propósito de lograr su más justo y eficiente despacho. Dadas las particularidades de este caso, prescindimos de la comparecencia de la parte recurrida.

-II-

Distinto al recurso de apelación, el certiorari es un recurso extraordinario cuya característica se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391 (2021); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008). En los procesos civiles, la expedición de un auto de certiorari se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. *McNeil Healthcare v. Mun. Las Piedras I, supra*; *Scotiabank v. ZAF Corp et al.*, 202 DPR 478 (2019). La Regla 52.1 de Procedimiento Civil también dispone que sólo se expedirá un recurso de certiorari cuando "se recurra de una resolución u orden bajo remedios provisionales regulados por la Regla 56, de la Regla 57, (mecanismo de injunction) o de la denegatoria de una moción de carácter dispositivo." *800 Ponce de León v. AIJ, supra*.

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional:

A.     Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B.     Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

-III-

La recurrente aduce como motivo para paralizar el pleito de expropiación instado por el Municipio de Manatí la circunstancia de que el DRNA efectuó un deslinde de la Zona Marítimo Terrestre en el área del predio en controversia sin notificárselo. Este planteamiento es inane, pues como se colige de la determinación del TPI, los derechos que pudieran asistirle a la recurrente en cuanto a dicha gestión administrativa, en manera alguna afectan o menoscaban el poder el Estado, en este caso, el Municipio, de expropiar el predio en cuestión, sujeto, claro está, a que medie justa compensación por la propiedad expropiada.

Así las cosas, conforme a los criterios esbozados en la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1 y de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40, resolvemos que debemos abstenernos de ejercer nuestra función revisora. No atisbamos error alguno que amerite nuestra intervención con la determinación recurrida, puesto que el TPI no incurrió en error, prejuicio, parcialidad, un craso abuso de su discreción ni equivocación en la aplicación del derecho al negarse a paralizar el procedimiento de expropiación ante su consideración.

-IV-

Por los fundamentos antes expuestos, se deniega la expedición del auto solicitado. De igual forma, se deniega, por académica, la *Urgente Moción en Auxilio de Jurisdicción* presentada por la parte recurrente.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones